1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PARNELL EDWARDS,

                Plaintiff,

       v.

HAROLD CLARKE, *et al*.,

                Defendants.

Case No. C07-5057 RJB/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**March 23, 2007**

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the Honorable United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 1, 3, and 4. Before the Court is Plaintiff's proposed Complaint, in which Plaintiff seeks restoration of good time credits. After careful review, the undersigned recommends that the Complaint be dismissed without prejudice prior to service as the action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## I.  FACTUAL BACKGROUND

      Plaintiff alleges that Defendants, Harold Clarke, the Secretary of Corrections; Karen Reese, the Correction Unit Supervisor; and Scott Russell, the Associate Superintendent, failed to submit his request to restore previously lost good conduct time of 385 days during his yearly classification review, even though

1    Plaintiff was eligible to submit the request at that time because he had been free of any serious infraction for a

2    year.  (Dkt. # 1, Proposed Complaint at 5-6).[1]   Plaintiff states that he did not grieve the issue as classifications

3    are non-grievable.  (Id. at 2).

4

5                                              **II.  DISCUSSION**

6            When a person confined by government is challenging the very fact or duration of his physical

7    imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a

8    speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v.*

9    *Rodriguez*, 411 U.S. 475, 500 (1973).  "Even a prisoner who has fully exhausted available state remedies

10   has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged,

11   invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck,* 512 at 487.  A Section 1983

12   cause of action for damages attributable to an unconstitutional conviction or sentence simply does not

13   accrue until the conviction or sentence has been invalidated.  *See*, Id. at 489.

14           "[T]he determination whether a challenge is properly brought under § 1983 must be made based

15   upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity

16   of the judgment.' *Id.*  If the court concludes that the challenge would necessarily imply the invalidity of the

17   judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas

18   corpus, not under § 1983."  *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v.*

19   *Balisok*, 520 U.S. 641 (1997)).

20           In this case, Plaintiff complains that Defendants wrongfully withheld his request to restore

21   previously lost good conduct time, to which he claims he was entitled.  This action must proceed in habeas.

22   A claim that relates to the fact and duration of confinement is not cognizable in a civil rights action unless

23   the inmate can demonstrate that the conviction or sentence has already been invalidated.  *Heck*, *supra*.  This

24   rule also applies when a challenge resulting in loss of good time credits would necessarily imply that the

25   length of Plaintiff's confinement is invalid.  *Edwards v. Balisok*, *supra*.  The proper avenue for Plaintiff to

26   _____

27           [1]Plaintiff previously filed a Complaint in this Court for violation of his constitutional rights for an
     alleged denial of a classification hearing.  That case was dismissed on summary judgment.  *See* Cause No. 6-

28   5128.  The allegations in this case relate to actions Plaintiff claims Defendants should have taken on his behalf
     during the classification hearing held on January 17, 2006.

REPORT AND RECOMMENDATION
Page - 2

challenge the fact or duration of his confinement is to file a writ of habeas corpus.  *Preiser*, *supra*.

Accordingly, the undersigned recommends that Plaintiff's claims related to his loss of good time credits, should be dismissed without prejudice.[2]

### III.  CONCLUSION

Plaintiff's proper avenue to challenge the fact or duration of his confinement, including the loss of good time credits is through a writ of habeas corpus.  No action under 42 U.S.C. § 1983 will accrue until Plaintiff receives relief in habeas.   The action should be **DISMISSED WITHOUT PREJUDICE.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 23, 2007**, as noted in the caption.

DATED this <u>22nd</u> day of February, 2007.

Karen L. Strombom
United States Magistrate Judge

---

[2]The Complaint contains no claims other than those related to Plaintiff's loss of good time credits.

REPORT AND RECOMMENDATION
Page - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28