UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PARNELL EDWARDS,

    Plaintiff,

v.

HAROLD CLARKE, et al.,

    Defendants.

Case No. C07-5057RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Karen L. Strombom. Dkts. 6, 7, 8 and 9. The court has considered the relevant documents and the remainder of the file herein.

On February 23, 2007, Judge Strombom entered a Report and Recommendation that recommended dismissal of Plaintiff's case without prejudice prior to service as the action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 5. On March 8th, 13th, 15th, and 20th, 2007, the Court received four objections from Plaintiff ( Dkts. 6, 7, 8, 9), two of which were identical (Dkts. 6 and 7).

In his 42 U.S.C. § 1983 complaint, Plaintiff alleged that several prison officials violated his Fourteenth Amendment rights by refusing to submit his request for restoration of his previously lost good conduct time credits (approximately 385 days of good conduct time). Dkt. 4. The Report and Recommendation recommended that the complaint be dismissed on the basis that plaintiff has filed this action incorrectly; the correct avenue for this action is through a habeas corpus petition, not a complaint brought under 42 U.S.C. § 1983. Dkt. 5.

In his objections, Plaintiff states that he did not grieve the issue because classifications are not grievable (Dkt. 6, at 3); but Plaintiff also alleges that he appealed the classification decision. *Id.*, at 4. He

ORDER
Page - 1

also states that he is grieving the DOC policy governing nongrievable issues, and he has filed three emergency grievances concerning the DOC policy. *Id.*, at 3-4. Plaintiff alleges that on March 12, 2007, he received a reply to the three emergency grievances, notifying him that classifications are not grievable. Dkt. 8, at 2. Plaintiff also states that he sent the "grievance coordinator two appeals regarding the response [he] received for the two grievances," and he has therefore exhausted all administrative remedies. *Id.*, at 4.

Plaintiff also states in his objections that he has filed a writ of habeas corpus in the Washington Superior Court, which was transferred to the Washington Court of Appeals. Dkt. 6, at 4. In a later objection, Plaintiff states that he has two personal restraint petitions pending in the Washington Court of Appeals. Dkt. 9, at 2. Plaintiff states that he has yet to receive a ruling from the Court of Appeals and he "assert[s] that the Court of Appeals is declining to make a ruling" on his cases. Dkt. 9, at 4.

Even if all of Plaintiff's allegations were true, this Court should still adopt the Report and Recommendation. As the Report and Recommendation correctly states, when a person confined by the government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); Dkt. 5, at 2. A challenge to loss of good time credits would necessarily imply that the length of Plaintiff's confinement is invalid, and such a challenge must be brought under a writ of habeas corpus. *See Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck*, 512 U.S. at 477. Because Plaintiff has presented his case under 42 U.S.C. § 1983, the case is not properly before this Court. Therefore, the Court should adopt the Report and Recommendation (Dkt. 5), and the case should be dismissed without prejudice.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. 5) is **ADOPTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of April, 2007.

Robert J. Bryan
United States District Judge

ORDER
Page - 2